IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CORDELL NICHOLS,
a/k/a Quinndell Johnson,
Reg. #29494-044                                                                          PLAINTIFF

v.                              2:20-cv-00065-BSM-JJV

DEWAYNE HENDRIX,
Warden, Forrest City Low, *et al.*                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Cordell Nichols ("Plaintiff") is a federal prisoner. He has filed a *pro se* Complaint and an Addendum alleging that on November 1, 2018, which was when he was in the Federal

1

Correctional Institution located in Forrest City, Arkansas ("FCI-FC"), Defendant Judith Lamarre improperly gave him an insulin shot when his blood sugar was low and then lied about her conduct causing a delay in corrective medical care. (Docs. 1, 2.)  Plaintiff says Defendant Lamarre violated his Eighth Amendment rights, as protected by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and Defendant United States of America is liable for her negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA").[1]  (*Id.*)  He seeks $787,000 in damages. (Doc. 1 at 21.)

Defendants have filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment arguing Defendant Lamarre is absolutely immune from the *Bivens* claim, and the FTCA claim against Defendant United States of America is barred by the statute of limitations. (Docs. 24, 25, 26.)  Because I must consider documents outside of the Complaint to rule on these issues, I will construe the Motion as a request for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Hearing v. Minn. Life Insur. Co.*, 793 F.3d 888, 893 (8th Cir. 2015) ("Where the movant designates its motion to dismiss alternatively as a motion for summary judgment, and the nonmovant submits materials outside the pleadings, a district court is not required to give formal notice that it will treat a motion as one for summary judgment").  Plaintiff has filed a Response. (Doc. 42.)  After carefully reviewing the pleadings and for the following reasons, I recommend the Motion for Summary Judgment be GRANTED, Plaintiff's *Bivens* and FTCA claims be DISMISSED with prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

---

[1] All other claims have been dismissed without prejudice. (Doc. 17.)

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

III.    ANALYSIS

    A.    *Bivens* **claim**

Defendant Lamarre alleges she is absolutely immune from Plaintiff's *Bivens* claim. I agree. In *Hui v. Castaneda*, 559 U.S. 799, 806 (2010), the United States Supreme Court held § 233(a) of the Public Health Service Act "grants absolute immunity to PHS [Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." According to the sworn Declaration of Captain Melissa Hulett, who is the Liaison to the Health

Services Division of the Federal Bureau of Prisons ("BOP"), Defendant Lamarre was a Public Health Services Officer acting within the scope of her employment during the November 1, 2018 incident that is the subject of Plaintiff's Complaint.[2]  (Doc. 25-1 at 25.)   Plaintiff has not offered any contrary evidence.   Accordingly, Defendant Lamarre is entitled to absolute immunity, and Plaintiff's *Bivens* claim against her should be dismissed with prejudice.

### B.     FTCA Claim

Defendant United States of America argues Plaintiff's FTCA claim is barred by the statute of limitations.   The FTCA provides, in relevant part, that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b)(emphasis added.)    It is the latter, emphasize part of this statute that precludes Plaintiff's FTCA claim.

According to the BOP Government Information Specialist's sworn Declaration, TRT-SCR-2019-00878 is the only FTCA claim Plaintiff filed while in federal prison.   (Doc. 25-1 at 2-3.)   On October 31, 2018, Plaintiff filed a "Small Claims for Property Damage or Loss Form ("FTCA claim form") regarding various matters and seeking $870,000 in damages.   (Doc. 25-1

---

[2]  As pointed out by Plaintiff, paragraph 5 of Defendants' Statement of Uncontested Facts *incorrectly* summarizes Captain Hulett's Declaration as saying that Defendant Lamarre was a Public Health Services Officer from "February through July 2017," which is before this cause of action arose on November 1, 2018.  (Doc. 26 at 2.)   But, pleadings are not evidence. The evidence, which is Captain Hulett's Declaration, says: "During the period of time relevant in this cause of action, namely November 2018, LCDR Lamarre was, and continues to be, an active duty commissioned officer of the United States Public Health Service acting within the scope of her employment."  (Doc. 25-1 at 25.)   Thus, it is clear Defendant Lamarre was a Public Services Officer during the relevant time period.

4

at 10-18.) On November 1, 2018, Plaintiff filed a second FTCA claim form raising his November 1, 2018 claims against Defendant Lamarre and seeking $1,000,000. (Doc. 42 at 14-17.) Thereafter, Plaintiff sent in two more FTCA claim forms, on November 6 and 8, 2018, adding more information about his November 1, 2018 claim against Defendant Lamarre. (*Id.* at 34-39.) The BOP Regional Office sent Plaintiff letters acknowledging receipt of the FTCA claim forms and explaining they would be considered together as Administrative Tort Claim TRT-SCR-2019-00878. (*Id*. at 49-50.) On December 4, 2018, and May 17, 2019, Plaintiff wrote letters inquiring when he would receive a ruling on his consolidated claim. (*Id*. at 17, 51.) On May 28, 2019, the BOP Regional Office issued a ruling rejecting Plaintiff's various claims -- including his allegations regarding the medical care he received for diabetes on November 1, 2018 -- on the merits.[3] (Doc. 25-1 at 20-23.) The denial letter advised Plaintiff that: "If you are dissatisfied with the determination in this matter, you are afforded six months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court." (*Id*. at 21.) Importantly, Plaintiff signed a mail log indicating he received a copy of the May 28, 2019 letter on the same day at 3:45 p.m. (Doc. 25-1 at 23.)

Six months from May 28, 2019, was November 28, 2019.[4] Plaintiff filed this lawsuit on March 27, 2020, which was approximately four months too late. (Doc. 1.) Thus, his FTCA claim is barred by the second phrase of the statute of limitations in § 2401(b). *See McNeil v. United States*, 508 U.S. 106, 112-113 (1993) (affirming dismissal of a *pro se* prisoner's FTCA

---

[3] Although the BOP's letter did not specifically mention Defendant Lamarre, it did conclude the medical care Plaintiff received for his diabetes on that day was proper. (*Id*.)

[4] Defendants say Plaintiff's lawsuit should have been filed on or before December 28, 2019, but I calculate six months from May 28, 2019 as being November 28, 2019. (Doc. 25 at 4.)

claim that was not filed within six months of the final administrative ruling).

Equitable tolling may be applied, under limited circumstances, to a claim that is barred by § 2401(b). *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015); *Arigo v. United States,* 980 F.2d 1159, 1162 (8th Cir. 1992) (equitable tolling of § 2401(b) does "not extend to garden variety cases involving excusable neglect"). Plaintiff says he filed an Informal Resolution (BP-8) on November 4, 2018 (which was three days after Defendant Lamarre improperly treated his blood sugar on November 1, 2018) and that he did not receive a response thereto until more than two years later, on March 18, 2020, because prison officials mishandled his form. (Doc. 1 at 7, 8, 22-25; Doc. 42 at 18-19.) But, Plaintiff is confusing apples with oranges. The process for exhausting a *Bivens* constitutional claim is different from the process for exhausting an FTCA negligence claim. *Compare* 28 C.F.R. § 542.10 to 542.18 (explaining the four-step process for exhausting a *Bivens* constitutional claim) with 28 U.S.C. §§ 2401, 2675 and 28 C.F.R. § 14.2 to 14.9 (explaining the one-step process for exhausting an FTCA tort claim). Plaintiff's November 4, 2018, BP-8 form was the first step for exhausting his administrative remedies regarding his <u>*Bivens* claim</u>. *See also Gonzalez v. Bendt*, No. 18-2360, 2020 WL 4809909, at *1 (8th Cir. Aug. 19, 2020) (unpublished opinion) (explaining the federal prisons' grievance procedure for exhausting a *Bivens* claim). As previously explained, Plaintiff's *Bivens* claim against Defendant Lamarre is barred because she is entitled to absolute immunity, and not because he failed to exhaust his administrative remedies against her.

In contrast, Plaintiff's <u>FTCA claim</u> against Defendant United States of America is barred by the statute of limitations because he did not file this lawsuit within six months of receiving the BOP Regional Counsel's denial letter on May 28, 2019. (Doc. 25-1 at 10-21.) Plaintiff has not provided any evidence or argument explaining why he did not file this lawsuit within six months

of that date, as he was specifically instructed to do in the May 28, 2019 final ruling. Thus, I find no basis for equitably tolling, and I recommend his FTCA claim against Defendant United States of America be dismissed with prejudice as being barred by the statute of limitations.

I realize Plaintiff may perceive my finding that he failed to comply with the statute of limitations found in § 2401(b) as an unfairly technical "gotcha" mechanism to keep him out of court. However, the Supreme Court held in an FTCA case filed by prisoner proceeding *pro se* that "given the clarity of the statutory text, it is certainly not a 'trap for the unwary.'" *McNeil*, 508 U.S. at 113. Thus, he must comply with that statutory provision, and his failure to properly do so prevents him from proceeding with his FTCA claim in federal court.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 24) be GRANTED, Plaintiff's *Bivens* and FTCA claims be DISMISSED with prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE